IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No.: *TO BE ASSIGNED* |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| AKEBONO BRAKE CORPORATION, | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of religion, and to provide appropriate relief to Clintoria Burnett, who was adversely affected by such practices. Specifically, Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Akebono Brake Corporation ("Defendant") discriminated against Clintoria Burnett ("Burnett") by failing to provide a reasonable accommodation for Burnett's sincerely-held religious belief and refusing to hire Burnett because of her religion (Christian), in violation of Title VII. In the alternative, the Commission alleges that Defendant discriminatorily interfered with Burnett's employment opportunities with another employer, a temporary labor services provider, in violation of Title VII.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Columbia Division. This lawsuit is being filed in the Columbia Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Columbia Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Michigan corporation registered to conduct business in the state of South Carolina, and has continuously been doing business in the State of South Carolina and the city of West Columbia. At all relevant times, Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Burnett filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On March 25, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.   The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.   The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.  On June 14, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

11.  On August 1, 2016, the Commission issued to Defendant a Corrected Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to reconvene conciliation.

12.  Following issuance of the Corrected Letter of Determination, the parties engaged in efforts to remedy the discriminatory practices described in the Corrected Letter of Determination; however, the Commission remained unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13.  On September 7, 2016, the Commission issued to Defendant a Second Notice of Failure of Conciliation.

14.  All conditions precedent to the initiation of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

15.  In or around October 2014, Defendant engaged in unlawful employment practices at its manufacturing plant in West Columbia, South Carolina ("West Columbia plant") in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), when it refused to accommodate

the religious beliefs and practice of Clintoria Burnett, and failed to hire Burnett because of her religion, Christian/Pentecostal.

16. Burnett, a female, is an observant member of the Apostolic Faith Church of God and True Holiness, a Pentecostal Christian denomination. Burnett holds the religious belief that she cannot wear pants because she is a woman, and that she is commanded to wear skirts or dresses. Burnett has never worn pants, even as a child, in accordance with this sincerely held religious belief.

17. In or around October 2014, Defendant met the operational needs of its West Columbia plant in part by using employees provided by at least one temporary labor services provider ("TLSP").

18. At all relevant times, Defendant and the TLSP operated under a Staffing Agreement dated October 17, 2014.

19. The Staffing Agreement extended authority to the TLSP to recruit and hire employees on Defendant's behalf solely for the purpose of working at Defendant's West Columbia plant.

20. Defendant maintained ultimate authority to deny hire to employees recruited by the TSLP to work at Defendant's West Columbia manufacturing plant.

21. Employees recruited by the TLSP worked at Defendant's West Columbia manufacturing plant.

22. Employees recruited and hired by the TLSP pursuant to the Staffing Agreement performed labor at Defendant's West Columbia plant that was akin to the duties of individuals directly employed by Defendant at said plant.

23. Employees recruited and hired by the TLSP pursuant to the Staffing Agreement used equipment provided by Defendant to perform their job duties.

24. Upon information and belief, employees recruited and hired by the TLSP pursuant to the Staffing Agreement were directly supervised by employees of Defendant.

25. Upon information and belief, the TLSP and Defendant were joint employers of all employees recruited and hired by the TLSP pursuant to the Staffing Agreement, specifically including Burnett.

26. Defendant is therefore liable as a joint employer of Burnett for the discriminatory actions alleged herein.

27. In the alternative, Defendant is liable for the TLSP's failure to hire Burnett as it harmed the employer-employee relationship between Burnett and the TLSP.

28. At all relevant times, the TLSP was an "employer" within the meaning of Title VII.

<u>Failure to Hire</u>

29. On or about October 28, 2014, Burnett received an offer of employment from the TLSP on behalf of Defendant to work as a Washer Inspector at Defendant's West Columbia plant.

30. Prior to making the offer of employment to Burnett, the TLSP screened Burnett using qualification requirements that were, upon information and belief, imposed by Defendant.

31. Based on the qualification requirements, the TLSP deemed Burnett suitable for employment at Defendant's West Columbia plant.

32. Burnett accepted the offer of employment to work as a Washer Inspector at Defendant's West Columbia plant.

33. Burnett was qualified for the position of Washer Inspector.

34. At the time she received and accepted the employment offer to work as a Washer Inspector at Defendant's West Columbia plant, Burnett was wearing an ankle-length skirt.

35. After Burnett accepted the offer of employment to work at Defendant's West Columbia plant, the TLSP representative told Burnett that Defendant would require Burnett to wear pants at its facility.

36. Upon learning that Defendant would require her to wear pants at its West Columbia plant, Burnett told the TLSP representative that she does not wear pants due to her religious beliefs.

37. The TLSP representative contacted Defendant to determine whether Defendant would allow Burnett to wear a skirt while working in Defendant's West Columbia plant.

38. On or about October 28, 2014, a TLSP representative told an employee in Defendant's Human Resources Department that Burnett had been selected to work at Defendant's West Columbia plant and had requested to wear a skirt due to her religious beliefs.

39. On or about October 28, 2014, an employee of Defendant's Human Resources Department told the TLSP not to hire Burnett due to Burnett's desire to wear a skirt.

40. The offer of employment made to Burnett to work as a Washer Inspector at Defendant's West Columbia plant was revoked because of Burnett's religious beliefs.

41. Defendant was the sole entity responsible for the decision to revoke the offer of employment made to Burnett to work at Defendant's West Columbia plant.

42. The TLSP did not hire Burnett to work at Defendant's West Columbia plant based on instructions given to the TLSP by Defendant.

43. Burnett was not hired to work at Defendant's West Columbia plant because of Burnett's refusal to wear pants while working at the facility.

## Failure to Accommodate

44. The allegations contained in paragraphs 15 through 43 are incorporated as if set forth fully herein.

45. At all relevant times, Defendant had an employment requirement that employees who worked in its West Columbia plant must wear pants.

46. Burnett's religious belief that she cannot wear pants and her religious practice of only wearing skirts or dresses conflicted with Defendant's employment requirement that employees who worked in its West Columbia plant must wear pants.

47. At all relevant times, Defendant was aware of the conflict between its employment requirement that employees of its West Columbia plant wear pants and Burnett's religious beliefs and practice.

48. On or about October 28, 2014, the TLSP informed someone in Defendant's Human Resources Department about Burnett's religious belief that she cannot wear pants.

49. During the contact noted in paragraphs 37 and 38 above, the TLSP inquired whether Burnett would be allowed to work at Defendant's West Columbia plant while wearing a skirt.

50. Defendant failed to engage in any form of interactive process regarding a religious accommodation for Burnett, and failed to consider any potential accommodation of Burnett's religious beliefs.

51. Defendant failed to provide Burnett with a reasonable accommodation for her religious beliefs and practice.

52. Upon information and belief, Defendant could have accommodated Burnett's religious beliefs and practice without an undue hardship on Defendant.

53. Defendant failed to accommodate Burnett's sincerely held religious beliefs and practice, and failed to hire her because of her religion in violation of Title VII.

## Interference with Burnett's Employment Opportunity

54. The allegations contained in paragraphs 15 through 53 are incorporated as if set forth fully herein.

55. On or about October 28, 2014, Burnett and the TLSP entered into an employer-employee relationship.

56. As described above, Defendant refused to allow Burnett to work in its West Columbia plant because of her religious beliefs and practice.

57. The TLSP did not offer Burnett alternative employment opportunities following the revocation of the offer to work in Defendant's West Columbia plant.

58. Defendant's refusal to allow Burnett to work in its West Columbia plant interfered with and caused harm to the employer-employee relationship between Burnett and the TLSP.

59. Defendant's actions were taken for discriminatory reasons, as described above.

60. If not for Defendant's discriminatory actions, the employer-employee relationship between Burnett and the TLSP would not have been harmed.

61. The effect of the practices complained of above has been to deprive Burnett of equal employment opportunities and otherwise adversely affect her status as an employee because of Burnett's religion in violation of 42 U.S.C. § 2000e–2(a).

62. The unlawful employment practices complained of above were intentional.

63. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Clintoria Burnett.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against any potential direct hire employee and/or any potential employee to be placed at its facilities by a labor services provider on the basis of religion, or any other employment practice that discriminates on the basis of religion.

B. Order Defendant to make Burnett whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful hiring of Burnett or front pay in lieu thereof.

C. Order Defendant to make Burnett whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

D. Order Defendant to make Burnett whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Burnett punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This 2nd day of November, 2016.

    Respectfully submitted,

    U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel
    131 M Street, NE
    Washington, DC 20507

    LYNETTE A. BARNES
    Regional Attorney

    YLDA MARISOL KOPKA
    Supervisory Trial Attorney

    **s/ Rachael S. Steenbergh**
    RACHAEL S. STEENBERGH
    South Carolina Federal Bar No. 10867
    Trial Attorney
    **EQUAL EMPLOYMENT**
    **OPPORTUNITY COMMISSION**
    Charlotte District Office
    129 West Trade Street, Suite 400
    Charlotte, North Carolina 28202
    Telephone: (704) 954-6472
    Facsimile: (704) 954-6412

Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

11