IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br>  v.<br><br>AKEBONO BRAKE CORPORATION,<br><br>      Defendant.<br>  v.<br><br>CAROLINA PERSONNEL SERVICES, INC. and CAROLINA INDUSTRIAL STAFFING, INC., Successor in Interest for Carolina Personnel Services, Inc.,<br><br>      Third-Party Defendants. | C/A. No. 3:16-cv-3545-CMC-SVH<br><br><br><br>**Opinion and Order**<br>**Granting Motions for Judgment**<br>**On the Pleadings** |

Through this action, the U.S. Equal Employment Opportunity Commission ("EEOC") seeks relief from Akebono Brake Corporation ("Akebono") for alleged unlawful employment practices on the basis of religion. ECF No. 19 (Amended Complaint). The EEOC alleges Akebono, acting through its temporary labor services provider ("TLSP"), discriminated against Clintoria Burnett ("Burnett") by refusing to hire her and by failing to reasonably accommodate Burnett's sincerely held religious belief that she is required to wear skirts or dresses rather than pants. ECF No. 19 at 1 ("Nature of Action").[1] Akebono denies it engaged in any unlawful employment practice. ECF Nos. 21, 72 (Answer and Amended Answer).

---

[1] As explained below, while the EEOC seeks to hold Akebono responsible for acts taken *through* its TLSP, it does not seek to hold Akebono responsible for actions that were solely those of the TLSP.

In addition to answering, Akebono filed a Third-Party Complaint against its TLSP, Carolina Personnel Services, Inc. ("CPS"), and against CPS's alleged successor in interest, Carolina Industrial Staffing, Inc. ("CIS"). ECF No. 14. Akebono alleges these entities are entirely (or at least primarily) responsible for any unlawful actions that may have occurred. *Id*. Akebono seeks indemnification or contribution for any judgment that may be awarded against it as well as for its costs and fees in defense of this action and, arguably, other damages for CPS's alleged breach of the Staffing Agreement through which it provided TLSP services to Akebono.

CPS and CIS moved for judgment on the pleadings. ECF Nos. 45, 47. The matter is before the court for review of a Report and Recommendation ("Report") that recommends these motions be granted. For reasons set forth below, the court adopts the Report and grants the motions for judgment on the pleadings.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On February 8, 2018, the Magistrate Judge issued a Report recommending the motions for judgment on the pleadings be granted. ECF No. 69. This recommendation relies on the doctrine of "obstacle preemption." *Id.* at 5-7. As the Report explains, obstacle preemption precludes a defendant from pursuing third-party claims for contribution or indemnification for damages that may be awarded under certain statutes including Title VII of the Civil Rights Act of 1964. *Id.* The Report assumes without deciding that Akebono might have some independent claim for relief against CPS or CIS (e.g., a claim for breach of contract), but concludes such a claim cannot proceed in this action because there is no proper third-party claim under Rule 14 of the Federal Rules of Civil Procedure to which it might be joined. *Id.* at 7, 8.

2

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Akebono filed objections on February 22, 2018. ECF No. 74. CPS filed a reply in opposition to Akebono's objections on March 8, 2018, which CIS later joined. ECF Nos. 78, 81.[2] The matter is now ripe for resolution.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a specific objection, the court reviews only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note)).

## DISCUSSION

**Obstacle Preemption vs. Factual Defense.** In its first objection, Akebono argues the Report errs in finding its claims barred by obstacle preemption because it is not attempting to shift

---

[2] CIS includes additional arguments in favor of its dismissal in its response to Akebono's objection. These arguments (relating to successor liability) are not properly raised and are not considered here.

3

its entire liability to CPS. ECF No. 74 at 7 (explaining it "is not attempting to escape responsibility for its own actions; but [is] only pursuing a defense to the extent it is liable to Plaintiff because of acts and/or omissions of CPS"); *see also id.* at 9 ("Akebono is seeking a defense and to the extent it may be found liable for Title VII violations *committed by CPS employees* [an] indemnification for that liability."). This argument misconstrues the recommendation and ignores the EEOC's concession that it is not seeking and cannot obtain recovery from Akebono for actions of CPS. *See* ECF No. 57.

As explained in the Report, obstacle preemption precludes claims for indemnification or contribution. ECF No. 69 at 5-7. Thus, it is irrelevant whether Akebono is trying to shift all or part of any liability that may be assessed against it for Title VII violations.

More critically, as the EEOC has conceded and the Report recognizes, Akebono may be held liable only if and to the extent it participated in discriminatory conduct. Thus, there is no risk Akebono will be held liable for wrongful acts in which it did not participate.[3] To the extent the EEOC fails to establish Akebono is, itself, responsible for unlawful discrimination, it cannot obtain judgment against Akebono. Thus, there is no potential for a judgment against Akebono for discriminatory conduct in which it did not participate.

**Rule 14 vs. Rule 18.** Akebono's second objection similarly focuses on the risk it will be held liable for wrongs committed by CPS. It asserts such a risk supports allowance of a third-party

---

[3] Akebono points to the allegation CPS failed to offer Burnett an alternative placement after she was denied employment with Akebono as evidence the EEOC is seeking to hold Akebono responsible for CPS's actions. Regardless of the original intent of this allegation, the EEOC concedes it cannot impose liability on Akebono for actions that are solely the responsibility of CPS. Thus, the EEOC cannot seek relief from Akebono based on this failure absent proof Akebono participated in it.

4

complaint under Rule 14 because "CPS *could be* liable for all or part of the claims brought against Akebono." *Id.* at 9, 10 (emphasis in original). Akebono argues its broader (non-derivative) claims are proper under Rule 18, which allows joinder of "as many claims as [a party] may have against an opposing party." *Id.* at 10, 11.

This argument conflates Rules 14 and 18. Rule 18 allows broad joinder of claims against a party *once that party is properly in the action*. Fed. R. Civ. P. 18 ("A party asserting a claim, counterclaim, crossclaim, or *third-party claim may join*, as independent or alternate claims, *as many claims as it has against an opposing party*." (emphasis added)). Rule 14, in contrast, addresses when a "defending party" may bring in a third party. Specifically, it allows the defending party to bring in a "nonparty who is or may be liable to it f*or all or part of the claim against it*." Fed. R. Civ. P. 14(a) (emphasis added). "The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim." 6 Fed. Prac. & Proc. Civ. § 1442 (3d ed.). In other words, the claims allowed under Rule 14 are claims that are "derivative" of the claims in the primary action. *See generally Scott v. PPG Indus. Inc.,* No. 89–2362, 1990 WL 200655, *3 (4th Cir. Dec. 13, 1990) (noting third-party defendant's liability under Rule 14 must be secondary or derivative of the defendant's liability to the plaintiff); *Deutsche Bank Nat. Trust Co. v. Tyner*, 233 F.R.D. 460 (D.S.C. 2006) (finding some but not all asserted third-party claims were derivative and satisfied Rule 14).

As noted above, while one allegation in the Amended Complaint (relating to CPS's failure to offer alternative employment) might suggest otherwise, the EEOC has disavowed any intent to impose liability on Akebono for CPS's actions. Thus, the EEOC is not seeking to impose liability

5

on Akebono for any action by CPS. Even were such liability sought and available, any claim by Akebono against CPS or CIS would be barred by obstacle preemption (discussed above). Thus, obstacle preemption effectively precludes any claim that might fall within Rule 14. Without a proper derivative claim under Rule 14, Akebono has no basis for bringing CPS or CIS into this action. It follows that it cannot use Rule 18 as a basis for joining any other claim.

**Failure to address "All of Akebono's Claims."** Through its third objection, Akebono argues the Report fails to address all of its claims, noting that, in addition to claims for equitable indemnity and contribution, it alleged claims for breach of contract, breach of the covenant of good faith and fair dealing and promissory estoppel. *Id.* at 11. Akebono argues at least some of these "claims are standalone and do not collapse into its indemnity claim." *Id.* For present purposes, the court assumes without deciding that Akebono may have a valid claim against CPS (or CIS as CPS's successor), such as a claim for breach of contract that does not "collapse into its indemnity claim" and, consequently, would not be barred by obstacle preemption. However, such a claim would not be "derivative" and, consequently would not support a third-party action under Rule 14 (though it might be joined under Rule 18 if a third-party action was properly before the court).

## CONCLUSION

For reasons set forth above, the court adopts the recommendations and rationale of the Report as supplemented above and grants the Third-Party Defendants' motions for judgment on the pleadings. This ruling is limited to precluding Akebono from pursuing claims against CPS or CIS as Third-Party Defendants in this action (through claims for indemnity or contribution arising from any judgment that might be awarded here). It does not preclude Akebono for pursuing an

6

independent action against CPS or CIS to the extent it may have claims not barred by obstacle preemption.[4]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
March 29, 2018

---

[4] The court takes no position on whether any such claim may exist.