IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AKEBONO BRAKE CORPORATION,<br><br>Defendant. | Civil Action No.: 3:16-cv-03545-CMC-SVH<br><br>**CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged Defendant Akebono Brake Corporation discriminated against Clintoria Burnett ("Burnett"), a direct employee of a temporary staffing firm, by failing to provide a reasonable accommodation for Burnett's sincerely-held religious belief and refusing to hire Burnett because of her religion (Christian), in violation of Title VII. In the alternative, the Commission alleged that Akebono Brake Corporation discriminatorily interfered with Burnett's employment opportunities with another employer, a staffing firm, in violation of Title VII. Akebono has denied these allegations. Likewise, the EEOC does not disavow the allegations of its Complaint.

The Commission and the Defendant, Akebono Brake Corporation ("Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 24 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. The following definitions shall apply to this Consent Decree:

   a. "Direct employee" means any person who is applying for direct appointment or directly employed on a full- or part-time basis by Defendant employed at Defendant's West Columbia, South Carolina facility.

   b. "Staffing firm" means a company that provides one or more temporary employees to Defendant for the purpose of working at Defendant's West Columbia, South Carolina facility.

   c. "Temporary employee" means any person who has received an offer from a staffing firm for placement at Defendant's West Columbia, South Carolina facility or is employed at Defendant's West Columbia, South Carolina facility on a full- or part-time basis, either temporarily or permanently, by or through a staffing firm.

   d. "West Columbia, South Carolina facility" or "West Columbia facility" means Akebono Brake Corporation's facility located at 201 Metropolitan Drive, West Columbia, South Carolina 29170.

2.    Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII. "Discriminate" specifically includes, but is not limited to, failing to provide reasonable accommodations for the sincerely-held religious beliefs of applicants, direct employees, and temporary employees at Defendant's West Columbia facility; refusing to hire an individual because of her/his religion; and/or refusing to allow a staffing firm to place an employee at Defendant's West Columbia facility because of her/his religion.

3.    Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

4.    Defendant shall pay Burnett the gross sum of thirty thousand dollars ($30,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Clintoria Burnett. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Burnett at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Burnett. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Burnett may or may not incur on such payments under local, state and/or federal law.

5.    Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall segregate into a sealed legal file any and all documents, entries, or references relating to Burnett, the facts and circumstances which led to the filing of EEOC Charge Number 436-2015-00183, and the related events that occurred thereafter, including this litigation. Within fifteen (15)

days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. Defendant has in place an Appearance & Clothing policy ("appearance policy"). Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall amend its appearance policy to (a) include an explanation of Title VII, including its provision for religious accommodations; (b) state that Defendant will provide reasonable accommodations at its West Columbia facility to the appearance policy for the sincerely-held religious beliefs of applicants, direct employees, and temporary employees unless such accommodation would pose an undue hardship; and (c) include procedures for requesting a religious accommodation. Within forty-five (45) days of the entry of this decree, Defendant shall distribute its amended appearance policy to the following: all Human Resources staff at its West Columbia facility, all managers and supervisors at its West Columbia facility, all direct and temporary employees currently employed at its West Columbia facility, and at least one representative from each staffing firm that provides one or more temporary employees to Defendant's West Columbia facility. Within sixty (60) days of the entry of this decree, Defendant shall report compliance to the Commission.

If Defendant enters into an agreement or contract for the provision of labor services at its West Columbia facility with any additional staffing firm at any time during the term of this decree, Defendant shall provide a copy of the amended appearance policy to at least one representative of the staffing firm within thirty (30) days of executing the agreement or contract.

7. Defendant has in place a Dress Code policy ("dress code"). Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall amend its dress code to (a) include an explanation of Title VII, including its provision for religious accommodations; and (b) state that Defendant will provide reasonable accommodations at its West Columbia facility to the

dress code policy for the sincerely-held religious beliefs of applicants, direct employees, and temporary employees unless such accommodation would pose an undue hardship; and (c) include procedures for requesting a religious accommodation. Within forty-five (45) days of the entry of this decree, Defendant shall distribute its amended dress code to the following: all Human Resources staff at its West Columbia facility, all managers and supervisors at its West Columbia facility, and at least one representative from each staffing firm that provides one or more temporary employees to Defendant's West Columbia facility. Within sixty (60) days of the entry of this decree, Defendant shall report compliance to the Commission.

If Defendant enters into an agreement or contract for the provision of labor services at its West Columbia facility with any additional staffing firm at any time during the term of this decree, Defendant shall provide a copy of the amended dress code to at least one representative of the staffing firm within thirty (30) days of executing the agreement or contract.

8.      Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall update all training materials, to include PowerPoint presentations and handouts, regarding or referencing Defendant's appearance policy, described in paragraph 6, *supra*, that are provided, shown, or otherwise distributed to direct employees, temporary employees, and/or staffing firms to reflect Defendant's amended appearance policy. Within forty-five (45) days of the entry of this decree, Defendant shall distribute the updated training materials to all Human Resources staff at its West Columbia facility, all managers and supervisors at its West Columbia facility, all direct and temporary employees currently employed at its West Columbia facility, and at least one representative from each staffing firm that provides one or more temporary employees to Defendant's West Columbia facility. Within sixty (60) days of the entry of this decree, Defendant shall report compliance to the Commission.

If Defendant enters into an agreement or contract for the provision of labor services at its West Columbia facility with any additional staffing firm at any time during the term of this decree, Defendant shall provide a copy of the updated training materials to at least one representative of the staffing firm within thirty (30) days of executing the agreement or contract.

9. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall update all training materials, to include PowerPoint presentations and handouts, regarding or referencing Defendant's dress code, described in paragraph 7, *supra*, that are provided, shown, or otherwise distributed to direct employees, temporary employees, and/or staffing firms to reflect Defendant's amended dress code. Within forty-five (45) days of the entry of this decree, Defendant shall distribute the updated training materials to all Human Resources staff at its West Columbia facility, all managers and supervisors at its West Columbia facility, and at least one representative from each staffing firm that provides one or more temporary employees to Defendant's West Columbia facility. Within sixty (60) days of the entry of this decree, Defendant shall report compliance to the Commission.

If Defendant enters into an agreement or contract for the provision of labor services at its West Columbia facility with any additional staffing firm at any time during the term of this decree, Defendant shall provide a copy of the updated training materials to at least one representative of the staffing firm within thirty (30) days of executing the agreement or contract.

10. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall update all non-training materials that Defendant provides to staffing firms that regard or reference Defendant's appearance policy to reflect the amended appearance policy described in paragraph 6, *supra*. Within forty-five (45) days of the entry of this decree, Defendant shall distribute the updated materials to at least one representative from each staffing firm that provides

6

one or more temporary employees to Defendant's West Columbia facility. Within sixty (60) days of the entry of this decree, Defendant shall report compliance to the Commission.

If Defendant enters into an agreement or contract for the provision of labor services at its West Columbia facility with any additional staffing firm at any time during the term of this decree, Defendant shall provide a copy of the updated materials to at least one representative of the staffing firm within thirty (30) days of executing the agreement or contract.

11. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall update all non-training materials that Defendant provides to staffing firms that regard or reference Defendant's dress code to reflect the amended dress code described in paragraph 7, *supra*. Within forty-five (45) days of the entry of this decree, Defendant shall distribute the updated materials to at least one representative from each staffing firm that provides one or more temporary employees to Defendant's West Columbia facility. Within sixty (60) days of the entry of this decree, Defendant shall report compliance to the Commission.

If Defendant enters into an agreement or contract for the provision of labor services at its West Columbia facility with any additional staffing firm at any time during the term of this decree, Defendant shall provide a copy of the updated materials to at least one representative of the staffing firm within thirty (30) days of executing the agreement or contract.

12. Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall create a protocol for effectively identifying and considering requests for religious accommodations made by direct employees and temporary employees. The protocol shall provide clear instructions for taking and documenting the following steps: (a) determining whether the request is a request for religious accommodation; (b) determining the parameters of the request for accommodation; (c) determining what information is necessary to evaluate the request for

accommodation; (d) determining the appropriate method of gathering all information necessary to evaluate the request for accommodation; (e) recording all information gathered in order to evaluate the request for accommodation; (f) recording all individuals involved in evaluating the request for accommodation and the nature of their involvement; (g) recording and preserving all substantive communications regarding the request for accommodation; and (h) recording the outcome of the request for accommodation, including the reasons for denying or granting the request.

The protocol shall further contain a statement reflecting Defendant's commitment to considering reasonable accommodations for direct employees' and temporary employees' sincerely-held religious beliefs at its West Columbia facility. The protocol shall also state that, with regard to temporary employees, Defendant will, to the extent required by Title VII, attempt to accommodate an individual seeking a religious accommodation at its West Columbia facility prior to advising the temporary employee's staffing firm that the temporary employee is ineligible for placement at Defendant's West Columbia facility.

Within seventy-five (75) days of the entry of this decree, Defendant shall distribute the protocol, including any attachments, to at least one representative from each staffing firm that provides one or more temporary employees to Defendant's West Columbia facility. Within ninety (90) days of the entry of this decree, Defendant shall report compliance to the Commission.

If Defendant enters into an agreement or contract for the provision of labor services at its West Columbia facility with any additional staffing firm at any time during the term of this decree, Defendant shall provide a copy of the protocol, including any attachments, to at least one representative of the staffing firm within thirty (30) days of executing the agreement or contract.

13.     During the term of this Consent Decree, Defendant shall post a copy of the amended appearance policy, described in paragraph 6, *supra*, at every time clock in its West Columbia,

South Carolina facility. If any amended appearance policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the amended appearance policy. Within forty-five (45) days after the Consent Decree is entered, Defendant will post the amended appearance policy and notify the Commission that it has been posted.

14. During the term of this Consent Decree, Defendant shall post a copy of the amended dress code, described in paragraph 7, *supra*, at every time clock in its West Columbia, South Carolina facility. If any amended dress code becomes defaced or unreadable, Defendant shall replace it by posting another copy of the amended dress code. Within forty five (45) days after the Consent Decree is entered, Defendant will post the amended dress code and notify the Commission that it has been posted.

15. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its Human Resources employees, managers, and supervisors at Defendant's West Columbia, South Carolina facility. Defendant shall also require one (1) representative from each staffing firm that provides one or more temporary employees to Defendant's West Columbia facility to attend the training program. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, its prohibition against discrimination based on religion, its statutory obligation to make reasonable accommodations for the religious observances of its employees, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's amended appearance policy and amended dress code, referenced in paragraphs 6 and 7, *supra*, and an explanation of the rights and responsibilities of employees and managers under Defendant's policies. Defendant shall maintain a roster of all individuals in attendance.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. The second training program shall be conducted approximately one year subsequent to the first training program. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all individuals in attendance. The roster shall include the following for each attendee: (a) full name, and (b) name of employer.

16. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A and hereby made a part of this Consent Decree, at every time clock in its West Columbia, South Carolina facility. If any Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice(s) has been posted pursuant to this provision.

17. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

      A. the identities of all direct employees and temporary employees who have made a request for religious accommodation, including by way of identification each person's name, address, telephone number, employer, and position;

      B. all information required by the protocol described in paragraph 12, *supra*;

10

      C.      for each individual identified in paragraph 17(A), explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, refusal to place at Defendant's West Columbia facility, demotion, promotion, or to part-time from full-time); and

      D.      if the employment status has changed as identified in paragraph 17(C), a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of any individual identified in response to paragraph 17(A) within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

18.      The Commission may review compliance with this Consent Decree. Upon seven (7) calendar days notice by the EEOC to Brandon Kessinger at [Brandon.kessinger@akebono-usa.com](mailto:Brandon.kessinger@akebono-usa.com), the Commission may enter Defendant's West Columbia, South Carolina facility and take the following actions: (a) inspect and copy records relating to compliance with this decree, and (b) interview employees and temporary employees regarding Defendant's compliance with this decree. The Commission may enter Defendant's West Columbia, South Carolina facility without advance notice for the sole purpose of inspecting the postings required by paragraphs 13, 14, and 16, above.

19.      If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

20. The term of this Consent Decree shall be for two (2) years.

21. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Brandon Kessinger at Brandon.kessinger@akebono-usa.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

22. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

23. Each party shall bear its own costs and attorney's fees.

24. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
May 8, 2018